UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN AYSLWORTH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 1:18-cv-1898-WTL-TAB |
| RYOBI DIE CASTING USA, INC., | ) ) ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (Dkt. No. 15). The motion is fully briefed and the Court, being duly advised, **DENIES** the Defendant's motion for the reasons set forth below.[1]

### I. APPLICABLE STANDARD

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "must accept as true all of the allegations contained in a complaint" that are not legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

*Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

---

[1] After the Defendant moved to dismiss the Plaintiff's original Complaint, the Plaintiff moved and was granted leave to file an Amended Complaint. The Magistrate Judge assigned to this case ordered the Defendant either to withdraw its motion to dismiss or file a notice that the motion "still need[ed] to be addressed by the Court." Dkt. No. 18. The Defendant chose the latter option. Accordingly, the Court now considers the motion to dismiss as it relates to the Amended Complaint.

*Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (citations omitted).

## II. **FACTUAL ALLEGATIONS**

The facts alleged in the Amended Complaint are as follow. The Plaintiff, who is 49 years old, has been employed by the Defendant since approximately January 30, 2012, as a waste water technician. The Plaintiff suffers from osteoarthritis in his right knee, which substantially limits the use of his right knee and leg. Throughout 2016 and 2017, the Plaintiff received painkiller injections in his knee on as-needed basis. The Plaintiff's supervisor, Troy Keller, was aware of these injections and stated that he had "no problem" with them occasionally causing the Plaintiff to be late for work.

On or about October 28, 2017, an employee of the Defendant was injured when a large diecast fell on her. After 911 was called, an ambulance and a fire truck responded. The Plaintiff was dispatched to let the paramedics through the gate entry so they could treat the injured employee. On or about October 31, 2017, the Plaintiff was called into a meeting with Tim Dravet, the Defendant's assistant manager of facilities, and Beth Slusser, a human resources representative for the Defendant. Dravet stated that he had written testimony from other employees stating that the Plaintiff took between twenty and twenty-five minutes to respond to the paramedics at the gate, and that when he did arrive, he was rude and threw a set of keys at them. These allegations were not true.

Dravet informed the Plaintiff that as a result of these allegations, he was removing the Plaintiff from his position of waste water technician as well as from an apprenticeship program in which the Plaintiff was enrolled. The Plaintiff was demoted to the position of machine operator/inspector and assigned to a less desirable shift.

The Plaintiff appealed the decision and participated in the Defendant's alternative dispute resolution ("ADR") process. The Plaintiff obtained a statement from the fire department indicating that the response time was eleven minutes and fifty seconds, and "the responding crews reported in the statement that they did not feel [the Plaintiff] was rude or discourteous." Dkt. No. 19 at 4. Additionally, the other employers "recanted and/or changed their earlier statements" and no "'written testimony' regarding the [Plaintiff's] alleged slow response to the paramedics was ever produced." *Id*. After the Plaintiff produced the statement from the fire department, the Defendant "focused on other alleged reasons for the demotion including alleged 'chronic tardiness.'" *Id*.

During the ADR proceeding, the Plaintiff "referenced his disability and that his 'knees aren't what they used to be,' referencing his disability," to which the Defendant's human resources manager, Scott Shepherd, responded that "He knows how it is when you get up there in age." *Id*. at 5.

During the ADR proceeding, Dravet stated that he had intended to place the Plaintiff on a Performance Improvement Plan ("PIP") before the October 28, 2017, incident. The Plaintiff, however, was not given such a plan nor any other "corrective action" before he was demoted.

The Plaintiff alleges in Count One of his Amended Complaint that the Defendant "violated [his] rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ["ADA"], by changing the terms and conditions of his employment because of his disability, record of disability and/or Defendant's perception that Aylsworth is disabled." *Id.* at 6. In Count Two, he alleges that the Defendant "discriminated against [him] by subjecting him to terms and conditions of employment that were different than those enjoyed by younger, similarly-situated employees, and by replacing him with substantially younger, similarly situated

3

employees" in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 626 et seq.

### III. **DISCUSSION**

The Defendant argues that the Amended Complaint fails to state a claim under either the ADA or the ADEA. However, the Defendant's arguments fail to recognize that the bar for adequately pleading an employment discrimination claim is quite low. For example, "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). No additional facts are required; the Defendant's arguments to the contrary simply are not correct. *See E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007) (noting that "once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim" and describing requiring more as an "inefficient chase for facts") (quoted in *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008));[2] *cf. Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint."). Here the Plaintiff's Amended Complaint makes it clear that he is alleging that he was demoted and removed from the apprenticeship program because of his age, which is 49; that is sufficient to give the Defendant the "fair notice" of the Plaintiff's age

---

[2]While the Defendant is correct that the pleading standards for pro se litigants are "relaxed," and that many of the relevant Seventh Circuit cases involve complaints drafted by pro se litigants, *Tamayo* makes it clear that the low bar applies to represented plaintiffs in employment discrimination cases as well.

4

discrimination claim to which it is entitled. *See Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (noting that a complaint must provide a defendant "fair notice" of the plaintiff's claim).

Similarly, "[a] plaintiff charging violation of the Americans with Disabilities Act must allege that he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of his disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (citing *Gogos v. AMS Mechanical Systems, Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013)). A plaintiff who alleges that he actually has a disability (as opposed to having a record of or being regarded as having a disability) must also identify a specific disability. *Id.*

The Defendant argues that the Amended Complaint in this case "is fatally defective for reasons that include Plaintiff's failure to allege facts demonstrating that he is qualified to perform the essential functions of his job with or without reasonable accommodation." Dkt. No. 22 at 2. The Defendant is incorrect. The Plaintiff alleges that he was employed by the Defendant as a waste water technician for several years; this is sufficient. *See Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1173 (7th Cir. 2013) (holding that Plaintiff who alleged that "he had forty-five years of experience as a pipe welder and that he worked for AMS as a welder and pipe fitter for more than a month before he was fired . . . adequately [pled] that he was qualified to perform the essential functions of his job"). The Plaintiff also identifies his disability (osteoarthritis in his knee) and alleges that the terms and conditions of his employment were changed (he was demoted) because of that disability. That is all that is required to satisfy the pleading requirement in an ADA case.

## IV. **CONCLUSION**

For the reasons set forth above, the Defendant's motion to dismiss (Dkt. No. 15) is **DENIED**.

SO ORDERED: 11/27/18

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification